IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL NGUYEN, #00706-122, <br><br> Petitioner, <br><br> v. <br><br> ESTELLA DERR, <br><br> Respondent. | CIVIL NO. 22-00113 DKW-WRP <br><br> **DISMISSAL ORDER** |

Before the Court is pro se Petitioner Michael Nguyen's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 1.  Nguyen alleges that "Respondent has an obligation to transfer [him] within 500 miles of his release address."  ECF No. 1 at 6.  For the following reasons, the Petition is DISMISSED without leave to amend.

### I. BACKGROUND

In 2014, Nguyen pleaded guilty to conspiring to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *See* Memorandum of Plea Agreement, *United States v. Nguyen*, Cr. No. 13-00653 SOM-7 (D. Haw. Aug. 14, 2014), ECF

No. 216.¹  He was sentenced to 168 months' imprisonment and eight years of supervised release.  *See* Judgment in a Criminal Case, *Nguyen*, Cr. No. 13-00653 SOM-7 (D. Haw. Dec. 9, 2014), ECF No. 302.

Nguyen is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Michael" in "First" field and "Nguyen" in "Last" field; select "Search") (last visited Apr. 1, 2022).  The BOP's inmate locator reflects that Nguyen's projected release date is June 26, 2025.  *Id.*

The Court received the Petition on March 21, 2022, ECF No. 1, and the associated filing fee on March 28, 2022, ECF No. 4.  Nguyen alleges that the BOP "has an obligation to transfer [him] within 500 miles of his release address" in Las Vegas, Nevada.  ECF No. 1 at 6–7.  Nguyen asks the Court to "[o]rder Respondent to transfer [him] to within 500 miles of his release address per Bureau of Prisons policy and US law (First Step Act)."  *Id.* at 8.

---

¹Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records].").

## II.  SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III.  DISCUSSION

**A.  Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

3

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

**B.  Nguyen's Placement**

Nguyen alleges that the BOP "has an obligation to transfer [him] within 500 miles of his release address" in Las Vegas, Nevada.  ECF No. 1 at 6–7.

"Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he . . . is in the BOP's custody." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).  Section 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  Thus, as the Ninth Circuit has stated, the BOP "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam).

In exercising this discretionary authority, 18 U.S.C. § 3621(b), as amended by the First Step Act of 2018, provides that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence," subject to various considerations.  18 U.S.C. § 3621(b); *see* First Step Act of 2018, Pub. L. No. 115-391, Title VI, sec. 601, 132 Stat. 5194, 5237 (2018).  Relevant

considerations include bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the BOP.  18 U.S.C. § 3621(b).

Section 3621(b) also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court."  18 U.S.C. § 3621(b).  The Ninth Circuit has stated, therefore, that "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021); *see Gullett v. Salas*, No. 2:21-cv-05720-JAK-JDE, 2021 WL 3171967, at *2 (C.D. Cal. July 27, 2021) ("Federal courts . . . lack jurisdiction over challenges to the BOP's individualized placement determinations.").

Here, because Nguyen seeks to challenge his individual placement designation, 18 U.S.C. § 3621(b) deprives the Court of jurisdiction to consider such a claim.  *Ahmad*, 860 F. App'x at 461; *Gullett*, 2021 WL 3171967, at *2; *see also Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition.").

Although the Court lacks jurisdiction to review individual placement designations, the Ninth Circuit has said that it does have jurisdiction to review claims that "the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016); *Ahmad*, 860 F. App'x at 462 ("Though § 3621(b) strips the court of jurisdiction to consider [inmate's] individual challenge, it does not preclude review of all challenges that might implicate individual designation decisions.").

Nguyen does not allege that the BOP violated the Constitution or exceeded its statutory authority. He does allege, however, that the BOP violated "policy statements" and the First Step Act. *See* ECF No. 1 at 7; *see also id.* at 8 (asking the Court to "[o]rder Respondent to transfer [him] to within 500 miles of his release address per Bureau of Prisons policy and US law (First Step Act)").

To the extent Nguyen asserts that the BOP violated a "policy statement" by placing him at FDC Honolulu,[2] *see* ECF No. 1 at 6–7, "a habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation

---

[2] The policies and procedures by which the BOP classifies and designates inmates are set forth in its Program Statement P5100.08, *Inmate Security Designation and Custody Classification* (Sept. 12, 2006), https://www.bop.gov/policy/progstat/5100_008.pdf (last visited Apr. 1, 2022). *See Sacora*, 628 F.3d at 1062.

of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also Turner v. Fox*, No. CV 15-1976-R KK, 2015 WL 3740144, at *3 n.3 (C.D. Cal. June 15, 2015) ("[T]o the extent Petitioner claims the BOP has violated Program Statement 5100.08 . . . the Court lacks jurisdiction over this claim."). Any claim based on a purported violation of a BOP policy or program statement, therefore, must be dismissed.

To the extent Nguyen asserts that the BOP acted contrary to 18 U.S.C. § 3621(b), as amended by the First Step Act, merely by placing him in a prison more than 500 miles from his release address, that claim is baseless. Although 18 U.S.C. § 3621(b) states that the BOP must place an inmate in a facility within 500 miles of his primary residence "to the extent practicable," it certainly does not guarantee such a placement. *See United States v. Segura*, No. 3:13-cr-00057-MMD, 2019 WL 2099920, at *1 (D. Nev. May 13, 2019) ("[W]hile a provision of the First Step Act requires BOP to 'place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence,' this requirement is tempered by numerous other considerations[.]" (quoting 18 U.S.C. § 3621(b))); *see also United States v. Kamra*, No. CR 18-253, 2021 WL 2036657, *8 (E.D. Pa. May 21, 2021) ("Despite Defendant's contentions, the BOP is not required to place defendants within 500 miles. They must attempt to do so to the extent it is practicable.").

Any claim that the First Step Act "obligat[es]" the BOP to transfer Nguyen within 500 miles of his release address, therefore, also must be dismissed.

Finally, because it is plain that any amendment of the Petition would be futile, the Petition is DISMISSED without leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

## IV.  CONCLUSION

(1) The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 4, 2022 at Honolulu, Hawaiʻi



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Nguyen v. Derr*; Civil No. 22-00113 DKW-WRP; **DISMISSAL ORDER**